United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 08, 2025
Nathan Ochsner, Clerk

# IN THE UNITED STATED BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 24-34923 |
| SHANNELL DENISE CUNNINGHAM, § | |
| § | |
| Debtor. § | |
| § | |
| § | CHAPTER 13 |

## MEMORANDUM OPINION AND ORDER DENYING MOSAIC'S MOTION TO VACATE AND SET ASIDE CONFIRMATION ORDER

This matter comes before the Court on the motion of MSSLT Underlying Trust 2021-1, successor in interest to Solar Mosaic, Inc. (hereinafter "Mosaic"), a creditor in the above referenced Chapter 13 bankruptcy, to vacate and set aside the order confirming Debtor's Chapter 13 Plan.[1]  For the reasons described below, Mosaic's *Motion to Vacate and Set Aside Confirmation Order*[2] is denied.

### BACKGROUND

On October 22, 2024, Debtor Shannell Denise Cunningham (hereinafter "Debtor") filed a voluntary petition under Chapter 13 of Title 11 of the United States Bankruptcy Code.[3]  The Debtor filed an amended confirmation plan on January 13, 2025, and the Court signed an order confirming the plan on January 28, 2025.[4]  In the amended plan, Debtor listed two secured claims held by Mosaic for solar panels. One set of solar panels had a claim amount of $33,862.00 and was valued at $500 with a 1.00% plan interest rate.[5]  Another set of solar panels had

---

[1] ECF No. 50.
[2] ECF No. 67.
[3] ECF No. 1.
[4] ECF No. 41; ECF No. 50.
[5] ECF No. 41 at 10.

a claim amount of $12,004.00 and was valued at $100 with a 1.00% plan interest rate.[6]

On August 19, 2025, 203 days after the plan was confirmed, Mosaic moved to vacate and set aside the confirmation order.[7] In its motion, Mosaic argued the values and interest rates listed in the plan were too low and it did not have the opportunity to object to the Debtor's plan because it did not receive proper notice of the bankruptcy.[8] The Debtor's creditor matrix listed Mosaic's address as 300 Lakeside Dr., 24th FL, Oakland CA 94612.[9] Although this same address is listed on the UCC Financing Statements related to the two sets of solar panels, Mosaic argued that the address is incorrect and notice should have instead been sent to P.O. Box 820, Scottsdale, AZ 85252.[10] In support of its argument, Mosaic attached copies of billing statements that listed its Scottsdale address in the document header.[11] Mosaic alleged that since it did not receive proper notice of the Debtor's bankruptcy filing, the confirmation order should be vacated and set aside so that Mosaic could object to its treatment.[12]

## JURISDICTION

28 U.S.C. § 1334(a) provides the district courts with jurisdiction over this proceeding. 28 U.S.C. § 157(b)(1) states: "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." This proceeding has been referred to this Court under General Order 2012-6

---

[6] ECF No. 41 at 10.
[7] ECF No. 67.
[8] ECF No. 67 at 2.
[9] ECF No. 67 at 2.
[10] ECF No. 67 at 2; ECF No. 67-1 at 28, 31, 33; ECF No. 67-2 at 28, 31, 33.
[11] ECF No. 67-1 at 33; ECF No. 67-2 at 33.
[12] ECF No. 67 at 3.

(May 24, 2012). This Court has jurisdiction in this proceeding as it is a core proceeding which the Court can consider under 28 U.S.C. §§157(b)(2)(A), 157(b)(2)(B), and 157(b)(2)(L). The Court has constitutional authority to enter final orders and judgments. *Stern v. Marshall*, 564 U.S. 462, 486–87 (2011). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## DISCUSSION

Section 1330 provides that a court may revoke an order of confirmation at the request of a party in interest "at any time within 180 days . . . if such order was procured by fraud." 11 U.S.C. § 1330(a). Mosaic's motion fails for two reasons: (i) it is untimely, and (ii) it fails to allege, much less prove, that the confirmation order was procured by fraud. *See id.* Section 1327(a) provides that a confirmed plan "bind[s] the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).

First, Mosaic's motion fails because it was filed after the 180-day deadline required by section 1330. *See* 11 U.S.C. § 1330(a). Approximately 203 days had lapsed between the order confirming the Debtor's plan and Mosaic's motion to set aside the plan. Because Mosaic's motion is untimely, section 1330 does not provide a basis upon which Mosaic may seek revocation of the Court's order of confirmation. *See id.*

Second, even if Mosaic's motion was timely, it does not allege or set out a factual basis to support an argument that the order was procured by fraud. *See id.* (permitting a party in interest to request the court revoke a confirmation order "if such order was procured by fraud"). To prove fraud, the Fifth Circuit has explained:

> Under 11 U.S.C. § 1330 (a), to prove that a debtor obtained a confirmation of his plan by fraud, the creditor must prove: (1) that the debtor made a representation regarding his compliance with § 1330 (a) which was materially false;

(2) that the representation was either known by the debtor to be false, or was made without belief in its truth, or was made with reckless disregard for the truth; (3) that the representation was made to induce the court to rely upon it; (4) that the court did rely upon it; and (5) that as a consequence of such reliance, the court entered confirmation.

*Nikoloutsos v. Nikoloutsos (In re Nikoloutsos)*, 199 F.3d 233, 238 (5th Cir. 2000). Mosaic's motion does not allege or set out any facts to support an argument that the Debtor made a materially false representation to this Court or that the Court relied on such representation when entering the confirmation order. *See id.*

Instead, Mosaic's motion asserts it did not receive proper notice of Debtor's bankruptcy because notice was sent to an incorrect address.[13] The Debtor, however, sent notice to the address listed on the UCC Financing Statements Mosaic filed.[14] This same address is likewise listed on the two loan agreements Mosaic attached to support its motion.[15] The evidence does not support a conclusion that notice was improper as it was the last known address listed on the UCC filings and the loan agreements.[16] Mosaic's argument that notice was improper

---

[13] ECF No. 67 at 2.
[14] ECF No. 68 at 1.
[15] ECF No. 67-1 at 2–5; ECF No. 67-2 at 2–5.
[16] Notice must be "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "Mailing a notice by First Class U.S. Mail to the last known address of a creditor satisfies due process because it is 'reasonably calculated' to inform the creditor of the bar date for filing proofs of claim." *Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 736 (5th Cir. 1995). The creditor is responsible for notifying the debtor of any changes in their mailing address. *Id.* Furthermore, just because notice might have been sent to an internally incorrect address does not mean it was improper. *See In re Blackaby*, No. 05-10755, 2006 Bankr. LEXIS

because it was sent to an internally incorrect address is unpersuasive. The billing statement it attaches to evidence the "correct address" has two different addresses itself, one in Phoenix and one in Scottsdale.[17] Therefore, it was entirely reasonable for the Debtor to rely on the mailing address listed on Mosaic's UCC filings to provide Mosaic notice. Nevertheless, because Mosaic does not provide any evidence that the confirmation order was procured by fraud, as is required to revoke a confirmation order, Mosaic's motion to vacate is denied. *See* 11 U.S.C. § 1330(a).

## CONCLUSION

For the reasons described above, the Court denies Mosaic's *Motion to Vacate and Set Aside Confirmation Order*. A separate order will issue.

SIGNED 10/08/2025

Alfredo R Pérez
United States Bankruptcy Judge

---

3799, at *7 (Bankr. E.D. Ky. Sept. 21, 2006) ("Nevertheless, while an octopus may have eight legs, it is still the same octopus. As a result, bankruptcy law not only requires, but demands, that companies, whether large or small, have in place procedures to ensure that formal bankruptcy notices sent to an internally improper, but otherwise valid, corporate address are forwarded in a prompt and timely manner to the correct person/department.")

[17] ECF No. 67-1 at 33; ECF No. 67-2 at 33.